## SEAMAN vs. FARMERS' LOAN & TRUST COMPANY.

In an action by a father against a company operating a railroad, for the negligent killing of his female child, the court refused to instruct the jury that in estimating what the services of the deceased, until she was twenty one years old, would have been worth to the plaintiff, they were to make "allowance for the chances of her marriage after she should have attained the age of eighteen years;" but instructed them that the contingency of such marriage was "too

remote to be considered by them." *Held,* that whether or not such contingency was too remote to be considered, it was correctly excluded because there was no evidence before the jury upon which they could have arrived at a conclusion on the subject.

APPEAL from the Circuit court for *Walworth* County.
The case is stated by the court.
*Strong & Fuller,* for appellant.
*Spooner & Kellam,* for respondent.

*By the Court,* PAINE, J.   This action was brought under October 11. the statute to recover the pecuniary loss accasioned by the negligent killing of the plaintiff's child upon a railroad operated by the defendant.   The only question presented here arises upon the following instruction asked for the defendant:   "In estimating such damages, the jury are to consider what the services of the deceased would probably have been worth to her father until she was 21 years of age, after deducting all suitable expenses for board, clothing, support and suitable education, making due allowance for the chances of sickness and death, *and of the marriage of the deceased after she should have attained the age of eighteen years.*"  This instruction the court gave, "excluding the contingency of marriage; which contingency he instructed the jury was to remote to be taken into consideration by them."   To this exclusion the defendant excepted.

The counsel for the appellant says that the instruction given by the court below, that the contingency of marriage was too remote to be considered, "shows that the judge was unacquainted with statistics."   He assumes also, and with great correctness, that this court is equally deficient in knowledge upon that subject.   For he produces certain statistical tables made in Massachusetts, from which he claims to derive the conclusion—that, "thirty-five per cent of the females married in that state are married under the age of twenty-one years."   We are not aware that there is any established rule as to the average age at which females are married.   Nor are we aware that there is any mode of showing it as a fact.   But if there is any means of showing it, it seems to us that the counsel should have shown it to the jury, as

June Term, 1862.

well as to the court, and whether or not the court was correct in excluding the contingency of marriage because it was too remote, it was correctly excluded for the reason that there was no evidence before the jury from which they could have drawn any conclusion upon the subject.

There are tables establishing the average length of human life with such accuracy that they have been recognized by law, and are used in calculating the value of life estates. But we are not aware that the same is true in respect to the age at which females are married. And it would seem that in no other way could any rule upon the subject be adopted. Until that is done, it would be impossible to instruct a jury as to what effect they should allow to the possibility of marriage by the deceased in a case like this.

There was no error in excluding that subject from the consideration of the jury; and the judgment is affirmed, with costs.